UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VLADIMIR KHAYKIN on behalf of himself
and all others similarly situated,

          Plaintiff,

    -against-

NCO FINANCIAL SYSTEMS, INC.

          Defendant.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 4 2009 ★

LONG ISLAND OFFICE

**CLASS ACTION COMPLAINT**

**MATSUMOTO, J.**

**POHORELSKY, M.**

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2    Plaintiff, Vladimir Khaykin, is a natural person residing in Queens County, New York.

0.3    Upon information and belief, defendant NCO Financial Services, Inc. is a corporation with its principal place of business in Horsham, Pennsylvania.

0.4    Upon information and belief, defendant is a collection agency which is engaged in the business of collecting debts as defined pursuant to 15 U.S.C. § 1692a(6).

## JURISDICTION

0.5    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

**AS AND FOR A FIRST CAUSE OF ACTION**

1.1    Plaintiff realleges paragraphs 0.1 through 0.5 as if fully restated herein.

1.2    That a personal debt was allegedly incurred by the plaintiff purportedly to TD Bank, N.A.

1.3    That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4    Defendant sent a letter to the plaintiff dated May 1, 2009.

1.5    Plaintiff received said letter.

1.6    Said letter states in part: "Your account balance may be periodically increased eu to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law."

1.7    Said letter confuses the least sophisticated consumer where the letter also sets forth that the interest, costs and other are $0.00.

1.8    Said letter is open to more than one interpretation, one of which is false.

1.9    Said language contains false threats.

1.10    Said letter violates 15 U.S.C. §§ 1692g and 1692e(10).

1.11    In plaintiff's individual capacity he brings further claim against the defendant for having contacted the plaintiff via the sending of the within letter after plaintiff's attorney, Concetta Puglisi, had faxed a letter to the defendant on April 20, 2009 indicating that the plaintiff was represented by counsel.

1.12    Said unlawful actions taken by defendant are in further violation of 15 U.S.C. § 1692c(2)(a).

1.13    This cause of action is brought on behalf of plaintiff and the members of a class.

1.14    The class consists of consumers who received the same form letter, as did the plaintiff.

1.15    The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 1, 2009

(b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to TD Bank, N.A. and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

1.16   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

- (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.
- (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.
- (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.
- (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
- (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.17   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.18   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.19   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.20   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)   Defendant violated 15 U.S.C. § 1692e(5) by engaging in false threats.

(b)   Defendant violated 15 U.S.C. § 1692e(10) by engaging in deceptive representations.

(c)   Defendant violated 15 U.S.C. § 1692c(2)(a) by contacting the plaintiff directly when the defendant knew that the plaintiff was represented by counsel. Plaintiff seeks actual and statutory damages for this claim individually.

1.21   As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in

the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
May 13, 2009

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

5